## Case No. 5,104a.

### FRENCH v. TUNSTALL.

[Hempst. 204.] [1]

Superior Court, Territory of Arkansas. July, 1832.

Before JOHNSON and CROSS, Judges.

OPINION OF THE COURT. The declaration contains two counts. The first is the common count in an action of assumpsit for money lent and advanced by the plaintiff to the defendant. The second is also in the form of a count in assumpsit, upon a promissory note under seal. The defendant filed a general demurrer to the declaration, which was sustained by the court, and judgment rendered in his favor, from which the plaintiff has appealed to this court.

If the declaration contains one good count, a demurrer to the whole declaration will not be sustained, unless there is a misjoinder of actions. The first count is in assumpsit, and is clearly a good and valid count. It is equally clear that the second count is also in the form of a count in the action of assumpsit. It is true that the cause of action set out in the second count will not support an action of assumpsit; debt or covenant being the appropriate action upon a writing obligatory. But because the second count is faulty and defective, and might have been reached by a general demurrer, it does not follow that it is a count in debt, although it states a cause of action for which debt is the appropriate remedy. We are of opinion, then, that there is no misjoinder of actions, notwithstanding the second count is palpably defective, and sets out no cause of action for which assumpsit will lie. The first count being good, the demurrer to the declaration should have been overruled. The case of Judin v. Samuel, 1 Bos. & P. (N. R.) 43, is, in principle, analogous to the present case. The declaration contained three counts. The first was in trover for bills of exchange, and the second and third counts, after stating the delivery of the bills to the defendant, in order that he might get them discounted for a certain commission, and his having got them discounted, stated that he converted and disposed of the money to his own use. The defendant demurred generally, on the ground of a misjoinder of tort and contract;

---

[1] [Reported by Samuel H. Hempstead, Esq.]

the subject of the two last counts being matter of contract; but the court held, that, on a general demurrer, as all the counts were in the form of tort, judgment must be for the plaintiff if any one count was good. We think the principle decided in the above case is decisive of the case now before the court. Judgment reversed.